UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20262-CR-Singhal

UNITED STATES OF AMERICA

vs.

JEAN RENALD FLEURIDOR,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Jean Renald Fleuridor (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the information, which charges the defendant with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Sections ~~1345 and~~ 1349.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and

may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the may impose a statutory maximum term of imprisonment of up to 30 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $40,000. The defendant agrees to forfeit assets, described below, and must pay restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the

defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury,

or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(1). <u>Base Offense:</u> 7

(2). <u>Loss</u>: That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1)(K) of the Sentencing Guidelines resulting from the offense committed in this case, at the time the defendant agreed to plead guilty was between $9,500,000 and $24,999,999, resulting in 20 level increase.

(3). <u>Sophisticated Means</u>: That the defendant should receive a two-level increase for use of sophisticated means in the commission of the offense pursuant to Section 2B1.1(b)(10) of the Sentencing Guidelines.

(4). <u>Use of Unauthorized Access Device</u>: That the defendant should receive a two-level increase for the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification pursuant to Section 2B1.1(b)(11).

12. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands

further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13. Defendant agrees, in an individual and any other capacity, to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly, as a result of the violation to which she is pleading guilty, pursuant to Title 18, United States Code, Section 982(a)(2)(A). In addition, defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to,

    a. a forfeiture money judgment in the sum to be continued in U.S. currency, which sum represents the value of the property subject to forfeiture;

    b. Directly forfeitable property including, but not limited to:

        i. The following assets seized from the defendant's residence on August 26, 2021:

1. Silver in color watch with black face (Baume & Mercier);
2. Rolex watch gold in color face with brown leather straps (S/N#116570);
3. Hublot watch 198 OF 1000 (black and gold chain in color face) limited edition with black straps;
4. $4,900.00 in U.S. currency; and
5. Cartier watch, gold and silver in color face, with engraved name, black leather straps.

ii. The following accounts formerly on deposit at J.P Morgan Chase Bank:

1. Account number 321832583 held in the name of SG Mobile Wash and Dent Restoration;
2. Account number 451336445 held in the name of Post Commercial Property Management Inc.;
3. Account number 109125980 in the name of Advanced Financing Inc.;
4. Account number 787721690 held in the name of Local Screen Kings Inc.;
5. Account number 964078810 held in the name of the defendant;
6. Account number 107369057 held in the name of Epic Construction and Development Corp.;
7. Account number 55088527 held in the name of Y.E.N. Global;
8. Account number 550888882 held in the name of Y.E.N. Global; and
9. Account number 834-82138 held in the name of the defendant;

iii. The following accounts formerly on deposit at Truist Bank (formerly BB&T Bank):

1. Account number 1100018318707 held in the name of TB Team Landscaping Inc.;
2. Account number 1100018318677 held in the name of Deb's Housekeeping Services, Inc.;
3. Account number 1100018454279 held in the name of Shan's Mobile Pet Grooming Inc.;
4. Account number 1100018455240 held in the name of Carter Landscaping Services, Inc.;
5. Account number 1100018453973 held in the name of KDS Mobile Mechanics Inc.;
6. Account number 1100018454554 held in the name of Paul's Perfect Cleaning Solutions, Inc.;
7. Account number 1100018455232 held in the name of BB Mobile Auto Wash Inc.;
8. Account number 0000247870431 held in the name of Pristine Gardening and Landscaping Inc.;
9. Account number 0000245635079 held in the name of SG Mobile Wash and Dent Restoration; and

        10. Account number 0000245634986 held in the name of White Glove Yacht Cleaning Services Inc.

  iv. The following accounts formerly on deposit at Azlo Bank:

        1. Account number 6767933833 held in the name of CBS Mobile Mechanics Inc.; and
        2. Account number 6773646536 held in the name of Miller Housekeeping Services, Inc.

  v. The following accounts formerly on deposit at Iberia Bank:

        1. Account number 20001883178 held in the name of SG Mobile and Dent Restoration, Inc.; and
        2. Account number 20001883720 held in the name of Tech Savvy Holding Corp.

  vi. The following accounts formerly on deposit at Bank of America:

        1. Account number 898105938645 held in the name of Skyline, Development, and Construction LLC;
        2. Account number 898107163434 held in the name of J & F Prince Corp.;
        3. Account number 898115813255 held in the name of J & F Prince Corp.; and
        4. Account number 898114716227 held in the name of Prince Property Management Inc.

  vii. The following accounts formerly on deposit at Wells Fargo Bank, N.A.:

        1. Account number 1010210593794 held in the name of Jean Fleuridor;
        2. Account number 9700521066 held in the name of Skyline, Development, and Construction LLC;
        3. Account number 1823721129 held in the name of Tech Savvy Holding Corp.;
        4. Account number 6113055997 held in the name of Sibling Rivalry Entertainment Inc.;
        5. Account number 2199734662 held in the name of Impeccable Yacht Cleaning Solutions Inc.;
        6. Account number 2199734571 held in the name of Helm Automotive Group, Inc.; and

       7. Account number 1924333816 held in the name of Crew IQ Inc.

  viii. The following accounts formerly on deposit at Citibank:

       1. Account number 3290399942 held in the name of J & F Prince Corp.;
       2. Account number 3290009997 held in the name of Prince Property Management Inc.;

  ix. The following accounts formerly on deposit at Regions Bank:

       1. Account number 0272052422 held in the name of Impeccable Yacht Cleaning Solutions Inc.;
       2. Account number 0272051906 held in the name of Tech Savvy Holding Corp.;
       3. Account number 0272052244 held in the name of Helm Automotive Group, Inc.;
       4. Account number 0272051825 held in the name of White Glove Yacht Cleaning Services; and
       5. Account number 0272051590 held in the name of Pristine Gardening and Landscaping Inc.

14. Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

15. Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. Defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified

by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

16. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, Defendant agrees to the following:

    a. submit a financial statement to the Offices upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Offices of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

17. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

18. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which the defendant is

pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.

19. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

20. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 8/18/2021      By: _____
                          BROOKE WATSON
                          ASSISTANT UNITED STATES ATTORNEY

Date: 6/15/21        By: _____
                          MITCHELL A. STONE / OMAR LOPEZ
                          ATTORNEYS FOR DEFENDANT

Date: 6/15/21        By: _____
                          JEAN RENALD FLEURIDOR
                          DEFENDANT